# IN THE COURT OF APPEALS OF IOWA

No. 17-0162
Filed May 2, 2018

**DUANE M. HUFFER and HUFFER LAW, P.L.C.,**
      Plaintiffs-Appellants,

**vs.**

**JORDAN AND MAHONEY LAW FIRM PC, MICHAEL F. MAHONEY, JOHN D. JORDAN, MEREDITH C. MAHONEY NEREM, RICHARD T. JORDAN, RYAN J. MAHONEY and JOHN R. FLYNN,**
      Defendants-Appellees.

_____

Appeal from the Iowa District Court for Story County, James C. Ellefson and Michael J. Moon, Judges.

Appellant challenges the dismissal of his claims and several collateral rulings. **AFFIRMED.**

Duane M. Huffer, Ames, pro se appellant.

David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des Moines, for appellees.

Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MCDONALD, Judge.**

Duane Huffer ceased employment with Huffer Law, P.L.C. in 2013. Subsequently, Huffer and his spouse filed suit against multiple defendants related to the cessation of Huffer's employment and the dissolution of the law firm, among other things. We previously described the petition as "prolix, rambling, incoherent, [and] irrational." *Huffer v. Minn. Lawyers Mut. Ins. Co.*, No. 16-0080, 2016 WL 5682714, at *1 (Iowa Ct. App. Sept. 28, 2016). In what can be described only as a Herculean effort on behalf of the plaintiff, the district court nonetheless pored over the petition, identified claims or potential claims, and severed the claims into related causes of action against related defendants.

This appeal relates to claims Huffer asserted against the Jordan and Mahoney Law Firm. Although Huffer never was a client of the firm, Huffer sued the firm for legal malpractice arising out of the firm's representation of a party adverse to Huffer during the dissolution of the law firm. Huffer asserted other claims against the firm and the firm's lawyers. On appeal, Huffer contends the district court erred in dismissing his claims for (1) defamation of character; (2) conflict of interest; (3) legal malpractice; (4) aiding and abetting the conversion of assets; (5) negligent and intentional interference with contractual relations; and (6) aiding and abetting the illegal dissolution of Huffer Law, P.L.C. On review for the correction of legal error, *see Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007), after full consideration of the plaintiff's claims, we conclude the district court did not err in dismissing the claims. We agree with the district court that many of the claims are not cognizable as a matter of law and that the plaintiff

has failed to establish a disputed issue of material fact requiring trial on those claims that are cognizable.

Huffer raises challenges to several rulings collateral to the district court's merits decision. Huffer claims the district court erred in the following respects: (1) in "not sanctioning defendants for disclosure and use of dismissed ethics complaint against the complainant;" (2) in requiring Huffer to answer late-requested discovery; (3) in dismissing Huffer Law, P.L.C. as a plaintiff; (4) in "splitting the lawsuit up into multiple parts thus allowing the various defendants to blame each other as the responsible party making none of the defendants responsible for their own actions;" (5) and in "being biased against the plaintiff." We cannot conclude the district court abused its discretion or otherwise erred with respect to the challenged rulings. To the contrary, the district court has done commendable work in managing an exceedingly difficult and contentious case.

We affirm the judgment of the district court in all respects without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), (e).

**AFFIRMED.**